# United States Court of Appeals

*for the*

# Fifth Circuit

---

Case No. 25-20048

ROYAL AMERICAN CONSTRUCTION, INCORPORATED,

*Plaintiff-Appellee,*

v.

ROOFING DESIGNS BY JR, L.L.C., doing business as Roofing Designs,

*Defendant/Third Party Plaintiff-Appellant,*

HARTFORD FIRE INSURANCE COMPANY,

*Third Party Defendant-Appellee.*

---

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS IN NO. 4:21-CV-2440,
HONORABLE PETER J. BRAY, U.S. MAGISTRATE JUDGE

## BRIEF FOR DEFENDANT/THIRD PARTY PLAINTIFF-APPELLANT

MARTIN P. AVERILL
THE AVERILL FIRM
*Attorney for Defendant/Third
Party Plaintiff-Appellant*
12610 Jupiter Road
Suite 1410
Dallas, Texas 75238
(214) 878-9822

## CERTIFICATE OF INTERESTED PERSONS

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of 5th CIR Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this court may evaluate possible disqualification or recusal.

| Appellees: | Counsel for Appellees: |
| --- | --- |
| Hartford Fire Insurance Company | Jason Muriby of Muriby Law, P.L.L.C. Houston, TX<br><br>**Melissa Nicholson Sternfels**<br>Conklin Sternfels Petty, PLLC.901 Heights Blvd.Houston, TX 77008 Ph.  713-997-2397 Email: melissa@thecspfirm.com<br>Counsel for Royal American and Hartford<br>Southern District of Texas |
| Royal American Construction, Incorporated | Jason Muriby of Muriby Law, P.L.L.C. Houston, TX |
| Royal American Construction, Incorporated | Ryan Hobbs of Brooks LeBoeuf Foster Gwartney Leace & Hobbs Tallahassee, FL<br><br>**Melissa Nicholson Sternfels**<br>Conklin Sternfels Petty, PLLC.901 Heights Blvd.Houston, TX 77008 Ph.  713-997-2397 Email: melissa@thecspfirm.com<br>Counsel for Royal American and Hartford<br>Southern District of Texas |

i

| Appellants: | Counsel for Appellants: |
|---|---|
| Roofing Designs by JR, L.L.C. | Martin Averill of The Averill Firm<br>Dallas, TX |

| Other Interested Parties: | Counsel for Interested Parties: |
|---|---|
| US Bankruptcy Court of Texas Northern District- Dallas Division<br>EARLE CABELL FEDERAL BUILDING<br>1100 Commerce St # 1254<br>Dallas, TX 75242<br>CASE NO. 23-32275 | |
| Katharine B. Clark- SBRA V, Trustee<br>THOMPSON COBURN, LLP<br>2100 Ross AVE, Ste 3200<br>Dallas, TX 75201<br>TELEPHONE:  (972) 629-7100<br>Email.  kclark@thompsoncoburn.com | |
| United States Trustee<br>Earle Cabell Federal Building<br>1100 Commerce St Room 976<br>Dallas, TX 75202<br>TELEPHONE:  (214) 767-8967 | |

/s/  Marty Averill
Martin P. Averill

Lead Attorney of record for Defendant/Third Party Plaintiff-Appellant Roofing Designs by JR

## STATEMENT REGARDING ORAL ARGUMENT

This case involves a misapplication of judicial estoppel. The lower court's Order dated January 7, 2025, (ROA 4811), and Final Judgment, (ROA 4823), wrongly applied the doctrine to Roofing Designs by JR, LLC ("Roofing Designs" or "Appellant'). Roofing Designs fully disclosed its claims during an active Chapter 11 bankruptcy. The very basis for filing bankruptcy was due to this precise contested litigation. This case differs from other judicial estoppel cases heard in this Court, as the litigation was the sole basis for the bankruptcy and was fully disclosed to the Bankruptcy Court. Importantly, on January 31, 2025,[1] the Bankruptcy Court administratively closed the case without prejudice pending adversary proceedings[2] and to the benefit of the creditors. Oral argument could be helpful to resolve any issues not fully answered or resolved in this brief. If the Court so grants, Roofing Designs is prepared to appear and present the issues in more detail.

---

[1] US Bankruptcy Court Northern District of Texas Dallas Division ref. Case 23-32275-mvl11 Doc 97.1-3. Signed January 31, 2025. Filed on February 3, 2025.

[2] United States Bankruptcy Court Northern District of Texas Dallas Division.
   Bankruptcy Case# 32-32275
   Adversary Case# 24-03064-mvl Roofing Designs by JR, LLC v. ABC Supply Co.
   Adversary Case# 24-03078-mvl Roofing Designs by JR, LLC v. Texas Liqua Tech Services
   Adversary Case# 24-03079-mvl Roofing Designs by JR, LLC vs. Tapia, et. Al.
   Adversary Case# 24-03080-mvl Roofing Designs by JR, LLC vs. J.R. Jones Roofing, Inc.

# TABLE OF CONTENTS

Contents                                                                Page(s)

CERTIFICATE OF INTERESTED PERSONS ..........................................................i

STATEMENT REGARDING ORAL ARGUMENT ........................................... iii

TABLE OF CONTENTS..........................................................................................iv

TABLE OF AUTHORITIES ....................................................................................v

JURISDICTIONAL STATEMENT ........................................................................1

STATEMENT OF THE ISSUES..............................................................................1

STATEMENT OF THE CASE.................................................................................2

SUMMARY OF THE ARGUMENT ......................................................................2

STANDARDS OF REVIEW ...................................................................................4

ARGUMENT ...........................................................................................................5

    I.    The District Court Erred by Applying Judicial Estoppel to Roofing
        Designs' Claims ...........................................................................................5

        A.    Judicial Estoppel is a Narrow Doctrine Applied Only in Cases
            of Deliberate Misconduct ....................................................................5

        B.    Roofing Designs Fully Disclosed Its Claims and Bankruptcy
            Proceedings to All Interested Parties ...................................................6

        C.    Roofing Designs Took No Inconsistent Position and Had No
            Intent to Mislead.................................................................................7

        D.    The District Court's Misapplication of Judicial Estoppel
            Prejudices Roofing Designs and Its Creditors ...................................15

CONCLUSION......................................................................................................17

PRAYER FOR RELIEF ........................................................................................18

CERTIFICATE OF SERVICE ..............................................................................19

CERTIFICATE OF COMPLIANCE......................................................................21

# TABLE OF AUTHORITIES

**Cases**                                                                                                          **Pages(s)**

*In re Coastal Plains, Inc.*, 179 F.3d 197 (5th Cir. 1999)....................3, 4, 5, 7, 9, 10

*In re Flugence*, 738 F.3d 126 (5th Cir. 2013)............................................................5

*Jethroe v. Omnova Solutions, Inc.*, 412 F.3d 598 (5th Cir. 2005)...................3, 6, 14

*Love v. Tyson Foods, Inc.*, 677 F.3d 258 (5th Cir. 2012) ...........................................4

*Reed v. City of Arlington*, 650 F.3d 571 (5th Cir. 2011) (en banc) ........................12

*Superior Crewboats, Inc. v. Primary P&I Underwriters*, 374 F.3d 330
(5th Cir. 2004) ...........................................................................................3, 5, 11, 14

**Statutes and Rules**

28 U.S.C. § 1291 ........................................................................................................1

Fed. R. App. P. 4(a)(1)(A) ..........................................................................................1

Fed. R. App. P. 4(a)(4)................................................................................................1

# JURISDICTIONAL STATEMENT

This Court has jurisdiction pursuant to 28 U.S.C. § 1291, which confers jurisdiction on the courts of appeals from all final decisions of the District Courts of the United States. The judgment from which Appellant appeals is a final judgment that disposed of all parties' claims.

The United States District Court for the Southern District of Texas entered final judgment on January 7, 2025. (ROA.4823)[3]. Appellant timely filed a notice of appeal on 02/06/2025 within the 30-day period prescribed by Federal Rule of Appellate Procedure 4(a)(1)(A). (ROA.4824-4825).

This appeal is from a final order, and no motion tolling the time for appeal under Fed. R. App. P. 4(a)(4) was filed.

# STATEMENT OF THE ISSUES

1. Whether the District Court erred in applying judicial estoppel by finding that Appellant's current position was inconsistent with a prior position taken in bankruptcy. The District Court's application of judicial estoppel was legally and factually incorrect.

---

[3] References to the Electronic Record on Appeal ("ROA") are as follows: "ROA.[page number]." If the cited document contains numbered paragraphs, the citation format is "ROA.[page number],[page number]." References to documents in the Fifth Circuit record are as follows: "Dkt. No.__ at [page number], [paragraph number]." References to documents from the Southern District of Texas court docket are as follows: "TX Dkt. No. __ at [page number}, [paragraph number]."

2. Whether the District Court erred in concluding that the Bankruptcy Court accepted Appellant's prior position regarding its claims against Hartford Fire Insurance Company and Royal American Construction, Inc.

3. Whether the District Court erred in determining that Appellant did not act inadvertently in failing to list or amend claims in the bankruptcy schedules.

## STATEMENT OF THE CASE

This appeal arises from a contractual dispute between Roofing Designs by JR, LLC and Royal American Construction, Inc., in connection with a federally taxpayer funded HUD project. After completing approximately 90% of the roofing work, Roofing Designs was wrongfully terminated without cause, while payments remained over 90 days overdue, in violation of HUD Guidelines and the Texas Prompt Payment Act. Royal American filed suit against Roofing Designs and its surety company, Insurors Indemnity. (TX Dkt. 1.27), (ROA.4667.1-10), (ROA.4668.11-20).

## SUMMARY OF THE ARGUMENT

The district court erred in applying judicial estoppel to bar Roofing Designs' claims where no concealment, no inconsistent position, and no intent to mislead were present. Roofing Designs fully disclosed the underlying litigation during its bankruptcy proceedings, and the litigation was the direct cause of its Chapter 11

filing. Judicial estoppel is a narrow, extraordinary remedy intended only for cases involving deliberate misconduct—not full and transparent disclosure. (ROA.4654-4656). See In re *Coastal Plains, Inc.,* 179 F.3d 197 (5th Cir. 1999)[4] [5]; *Superior Crewboats, Inc. v. Primary P&I Underwriters*, 374 F.3d 330 (5th Cir. 2004); *Jethroe v. Omnova Solutions, Inc*., 412 F.3d 598 (5th Cir. 2005). The district court's decision wrongly punished Roofing Designs, harmed its creditors, and deprived a once-financially sound small business of the opportunity to recover from nonpayment on a federally funded project. For these reasons, the judgment should be reversed and the case remanded for adjudication on the merits.

---

[4] In *In re Coastal Plains, Inc*., 179 F.3d at 205, 212, this Court held that judicial estoppel is appropriate only where a party has intentionally taken inconsistent positions to "play fast and loose with the courts" or to "make a mockery of the judicial system." Judicial estoppel is not applied lightly and does not apply where a debtor's actions are inadvertent, mistaken, or fully transparent, as was the case with Roofing Designs.

In *Superior Crewboats, Inc. v. Primary P&I Underwriters*, 374 F.3d 330, 336 (5th Cir. 2004), judicial estoppel barred a debtor who knowingly concealed a personal injury claim during bankruptcy proceedings. Unlike the facts in *Superior Crewboats,* Roofing Designs fully disclosed its litigation in its bankruptcy filings, and the litigation was the direct cause of the bankruptcy itself. There was no concealment, no inconsistent position, and no unfair advantage sought by Roofing Designs.

In *Jethroe v. Omnova Solutions, Inc*., 412 F.3d 598, 600–01 (5th Cir. 2005), this Court held that judicial estoppel is appropriate only where a debtor knowingly fails to disclose a claim during bankruptcy. Inadvertent or mistaken omissions do not warrant estoppel. Here, Roofing Designs did not omit or conceal its claims; instead, it fully disclosed the litigation in its bankruptcy filings, and no inconsistency or intent to mislead is present.

[5] Roofing Designs' transparency defeats any basis for applying judicial estoppel under *Coastal Plains, Superior Crewboats*, and *Jethroe*.

## STANDARDS OF REVIEW

The District Court's application of judicial estoppel is reviewed *de novo*. De novo review requires that the appellate court grant no deference to the District Court's legal conclusions but rather considers the issue(s) anew. *Love v. Tyson Foods, Inc.*, 677 F.3d 258, 261 (5th Cir. 2012) ("We review a District Court's application of judicial estoppel de novo.").[6]

Judicial estoppel is an equitable doctrine intended to protect the integrity of the judicial process, and its application must be narrow and cautious, limited to instances of intentional manipulation or abuse of the courts. *See In re Coastal Plains, Inc.*, 179 F.3d 197, 205 (5th Cir. 1999). ("Judicial estoppel is not to be applied lightly, nor is it appropriate where the inconsistency was inadvertent.").

However, because the principal issue on appeal involves the District Court's interpretation and application of judicial estoppel, the controlling standard of review remains de novo.

---

[6] Because judicial estoppel presents a question of law, the District Court's ruling is subject to de novo review, and no deference is owed to its conclusions. *See Love*, 677 F.3d at 261. Under de novo review, this Court considers the issue anew, affording no presumption of correctness to the lower court's decision.

## ARGUMENT

## I.    The District Court Erred by Applying Judicial Estoppel to Roofing Designs' Claims.

### A.    Judicial Estoppel is a Narrow Doctrine Applied Only in Cases of Deliberate Misconduct.

Judicial estoppel is an equitable doctrine designed to protect the integrity of the judicial process by preventing parties from "playing fast and loose with the courts." *In re Coastal Plains, Inc.*, 179 F.3d at 205, 212. It is not intended to punish inadvertent errors, honest mistakes, or good-faith disclosure efforts.

The Fifth Circuit has consistently held that judicial estoppel applies only when three elements are satisfied:

1. The party has taken a clearly inconsistent position;

2. The court accepted the earlier position; and

3. The party's inconsistency was not inadvertent.

*Superior Crewboats, Inc.*, 374 F.3d 330, 336; *In re Flugence*, 738 F.3d 126, 130–31 (5th Cir. 2013).[7]

---

[7] *In re Flugence*, 738 F.3d 126, 130–31 (5th Cir. 2013). In this case, the Court reaffirmed that judicial estoppel applies only when a debtor knowingly conceals a claim from the bankruptcy court to gain an unfair advantage. The doctrine does not apply where any omission was inadvertent or where the debtor otherwise acted with transparency, as Roofing Designs did here.

Further, judicial estoppel does not apply where any omission was inadvertent or where the debtor acted with full transparency. *Jethroe* 412 F.3d at 600–01.

> **B.     Roofing Designs Fully Disclosed Its Claims and Bankruptcy Proceedings to All Interested Parties.**

Roofing Designs fully disclosed the existence of the litigation against Royal American and Hartford Fire Insurance Company during its Chapter 11 Bankruptcy proceedings Case No. 23-32275. (ROA.2058). See Declaration of Chynethia Gragg (ROA.4667–4670). The litigation underlying this appeal predated and directly caused Roofing Designs' bankruptcy filing.

The litigation was listed in Roofing Designs' bankruptcy schedules (ROA.2063) and was openly discussed at § 341 meetings of creditors, acknowledged in the reorganization plan (ROA.2029, 2035), and referenced in the Sworn Supplemental Declaration (ROA.4792). The litigation was the direct cause of the bankruptcy filing.

Immediately after the District Court issued its ruling, Roofing Designs disclosed the decision to both the Chapter 11 Trustee and its bankruptcy counsel. Roofing Designs also promptly requested a hearing before the Bankruptcy Court to determine whether the Bankruptcy Court believed Roofing Designs had engaged in

any conduct amounting to "playing fast and loose"[8] with creditors or the judicial system. No such hearing was ever scheduled, and no finding of bad faith or misconduct was ever entered by the Bankruptcy Court. Facts demonstrate that Roofing Designs acted with complete transparency and good faith.

Additionally, in a separate adversary proceeding[9], an opposing party introduced the District Court's judicial estoppel ruling as an exhibit. Roofing Designs further informed the Bankruptcy Court that the ruling had been appealed to the Fifth Circuit. Despite full awareness of the ruling and the pending appeal, the Bankruptcy Court made no findings of bad faith, concealment, or inconsistent positions by Roofing Designs.

Roofing Designs has continued to pursue four active adversary proceedings in the same Bankruptcy Court, demonstrating its ongoing, transparent litigation efforts.

### C.    Roofing Designs Took No Inconsistent Positions and Had No Intent to Mislead.

Additionally, the record further confirms Roofing Designs' transparency and consistency throughout the proceedings.  During a Status Conference held on May

---

[8] *Coastal Plains*, 179 F.3d at 205, 212
[9] United States Bankruptcy Court Northern District of Texas Adversary case # 24-03079
  Roofing Designs v. Bonifacio Tapia, (BMTL dissolved), et al. and Kinsale Insurance Company.

7, 2024, the District Court itself acknowledged uncertainty regarding the bankruptcy issues. (ROA.5024,ROA.5029). The District Court noted, "*Now, it sounds to me like Ms. Sternfels[10] wants to file some dispositive motions on behalf of Royal American and Hartford, having something to do with how the bankruptcy was conducted,*" and later admitted, "*Maybe you all are experts in the bankruptcy field, maybe not, but I am — I am not. But I'm more than happy to try to figure it out.*"

These statements underscore that any alleged "inconsistencies" regarding Roofing Designs' bankruptcy disclosures were not clear-cut or intentionally misleading. Rather, Roofing Designs openly disclosed the litigation throughout the bankruptcy process.

The litigation underlying this appeal was not concealed.  Rather, it was the direct cause of Roofing Designs' Chapter 11 bankruptcy, as reflected in U.S. Bankruptcy Case No. 23-32275. (ROA.2058). The claims were disclosed in the original bankruptcy petition, (ROA.2063), discussed in multiple § 341 meetings of creditors, acknowledged in the confirmed reorganization plan (ARTICLE IV, XVII), (ROA.2029, 2035), Sworn Supplemental Declaration (ROA.4792.6-8).    The

---

[10] Ms. Sternfels is the lead counsel representing Royal American and Hartford in the Southern District of Texas.

Bankruptcy Court has always been aware of this case, the parties involved, and the resulting damage to the Roofing Designs.

Furthermore, in the same May 7, 2024 Status Conference, Roofing Designs sought to transfer this litigation to the United States Bankruptcy Court for the Northern District of Texas, the same venue overseeing its bankruptcy case[11], but the District Court verbally denied that request. "*Why do you want to go the—How does the Northern District of Texas have – venue? ... I feel for your client. But at the same time, you know, I'm not just going to hand off a case to some poor judge in the Northern District, just because of allegations that she – but don't look forward to me            granting            that.*"            (ROA.5024-5026).

A debtor seeking to conceal assets or potential claims would not pursue claims in the same Bankruptcy Court, nor would the debtor seek to transfer venue of this adversary litigation case to the same venue as the Bankruptcy Court. Rather, Roofing Designs' efforts reflect the transparency and good faith that judicial estoppel is intended to protect, not punish. See *Coastal Plains*, 179 F.3d at 205. It is to the benefit of the Bankruptcy Court and interest of the creditors if all adversary

---

[11] US Bankruptcy Northen District of Texas Dallas Division.  Roofing Designs filed Chapter 11 bankruptcy on October 4, 2023.  The case number is 23-32275. (TX Dkt. 135-5.2-36)

actions were in the Northern District of Texas venue. This would avoid accusations of playing "fast and loose" with creditors. *Coastal Plains,* 179 F.3d 197, 205.

When Roofing Designs filed for Chapter 11 bankruptcy, it filed a Suggestion of Bankruptcy with the District Court. (TX Dkt. 122). No objections were raised. In the Bankruptcy Court, Roofing Designs also filed an Application to Employ Counsel, supported by affidavit, disclosing the engagement terms. Again, no party, including Royal American or Hartford, objected. (ROA.4654-4656).

After confirmation of the plan (TX Dkt. 135-7)., Roofing Designs filed a Motion to Lift the Stay in the District Court. (TX Dkt. 125). Although counsel for Royal American and Hartford initially indicated opposition by filing a notice with the District Court Clerk, they later withdrew their opposition. The District Court subsequently granted the Motion to Lift Stay without controversy. (TX Dkt. 126). At no point during these proceedings did Royal American or Hartford assert judicial estoppel or object to Roofing Designs' continued pursuit of its claims. (ROA.4654-4656).

The absence of any timely objection or assertion of judicial estoppel underscores that Royal American and Hartford's estoppel defense was an afterthought, raised only once Roofing Designs positioned itself to pursue counterclaims following the insurance settlement. (TX Dkt.153.1-3). Only then did

10

Royal American and Hartford assert a defense based on the doctrine of judicial estoppel. (TX. Dkt. 135.11-16). Royal American wrongly compares Roofing Designs to *Superior Crewboats,* 374 F.3d at 336 (refusing to allow debtors to re-open bankruptcy to disclose a cause of action…).[12] (TX.Dkt.135.29).

Unlike in *Superior Crewboats*, Roofing Designs' bankruptcy filing was a direct result of Royal American's non-payment, breach of contract, and the ensuing litigation. There is no question of concealment here; rather, the litigation predated and directly caused the bankruptcy filing. Furthermore, the bankruptcy case is not final; Roofing Designs' bankruptcy case is merely administratively closed without prejudice, expressly to preserve the rights of creditors. Royal American is not concerned about the Bankruptcy Court or Roofing Designs' creditors. Royal American wishes to continue avoiding its debts incurred on a federally funded project, so it inappropriately asked the District Court to apply the judicial estoppel doctrine. Their belated invocation of judicial estoppel is not grounded in any genuine concern for the integrity of bankruptcy.

As the Fifth Circuit has emphasized, judicial estoppel is reserved for cases involving intentional manipulation of the judicial system, not inadvertent or

---

[12] Judicial estoppel applies only where (1) the party's position is clearly inconsistent with a previous one; (2) the court accepted the previous position; and (3) the party acted intentionally to mislead the court to gain unfair advantage. *Superior Crewboats,* 374 F.3d at 336.

evolving disclosures. *Reed v. City of Arlington*, 650 F.3d 571, 574 (5th Cir. 2011)[13] (en banc). Roofing Designs' full disclosures, consistent litigation positions, and transparent conduct throughout the bankruptcy process preclude any proper application of judicial estoppel here.

Roofing Designs' position has remained consistent: it disclosed its litigation throughout bankruptcy and sought recovery for legitimate claims caused by nonpayment on a federally funded project. No evidence supports a finding of intent to mislead.

Roofing Designs' Chapter 11 filing was necessitated by Royal American's breach of contract and nonpayment. Unlike the debtor in *Superior Crewboats*, Roofing Designs did not conceal any cause of action. Rather, the litigation existed prior to bankruptcy and was disclosed in full.

At the time of filing bankruptcy, the scope of damage was impossible to fully calculate. The harm was—and continues to be—progressive. Over the course of nearly four years of litigation, Roofing Designs has suffered immense losses: loss of

---

[13] Judicial estoppel is reserved for cases involving intentional manipulation of the judicial system and does not apply where omissions or inconsistencies are inadvertent. *See Reed v. City of Arlington*, 650 F.3d 571, 574 (5th Cir. 2011) (en banc). Roofing Designs made full and transparent disclosures throughout its bankruptcy proceedings and at no point manipulated the judicial process, rendering judicial estoppel inappropriate.

bonding capacity, commercial insurance, financial relationships, new contracts, and critical working capital. The company's reputation has been severely tarnished, and its ability to perform on future public and private contracts has been substantially impaired.

Roofing Designs also seeks punitive damages from Royal American, which are inherently speculative and not subject to precise calculation at the time of bankruptcy filing. The punitive damages now far exceed the original economic losses due to the egregious and sustained nature of the defendants' conduct over the years. Roofing Designs and its Managing Member Chyna Gragg were forced to relocate to North Texas due to safety reasons. (ROA.5024-5025). Judicial estoppel should not be weaponized to punish a debtor for disclosing claims with evolving valuations—particularly when the debtor acted in good faith and updated its schedules as required by the Bankruptcy Code.

Significantly, Roofing Designs listed numerous 3rd parties (ROA.2063) including Royal American. Roofing Designs did not know at that time which parties it would pursue adversarial claims and the value of each claim. In 2024, Roofing Designs initiated four additional adversarial claims in the bankruptcy court which

are active.[14] Roofing Designs has not recovered any amounts from Royal American or from any of the adversary proceedings to date. This further confirms that Roofing Designs has not benefitted from any alleged concealment.

Roofing Designs never took inconsistent positions. It disclosed the existence of this litigation from the outset, and the record demonstrates that the Bankruptcy Court was fully aware of its nature and status.

The complexity and progressive nature of Roofing Designs' damages do not constitute inconsistent positions. Rather, they reflect the fluid realities of lengthy litigation and business distress resulting from defendants' conduct.

Thus, even under close scrutiny, the record shows Roofing Designs acted consistently and transparently throughout its bankruptcy and litigation proceedings. There is no evidence of any intent to mislead either the Bankruptcy Court, the creditors, or the District Court. Judicial estoppel requires more than an evolving or imperfect disclosure; it demands deliberate misconduct designed to abuse the judicial process. *Superior Crewboats*, 374 F.3d at 336; *Jethroe*, 412 F.3d at 600–01.

---

[14] United States Bankruptcy Court Northern District of Texas Dallas Division.
   Bankruptcy Case# 32-32275
   Adversary Case# 24-03064-mvl Roofing Designs by JR, LLC v. ABC Supply Co.
   Adversary Case# 24-03078-mvl Roofing Designs by JR, LLC v. Texas Liqua Tech Services
   Adversary Case# 24-03079-mvl Roofing Designs by JR, LLC vs. Tapia, et. Al.
   Adversary Case# 24-03080-mvl Roofing Designs by JR, LLC vs. J.R. Jones Roofing, Inc.

That standard is not met here. Roofing Designs' full and candid disclosures, coupled with its efforts to centralize adversary actions for creditor benefit, affirmatively demonstrate good faith and negate any basis for applying judicial estoppel.

The District Court's misapplication of judicial estoppel not only wrongfully punished Roofing Designs for its transparency but also prejudiced the very creditors that the bankruptcy process was designed to protect.

### D.    The District Court's Misapplication of Judicial Estoppel Prejudices Roofing Designs and Its Creditors.

The wrongful application of judicial estoppel has caused severe harm to Roofing Designs and its creditors. In an effort to maintain its lender relationships, Roofing Designs contacted both SBA (TX Dkt. 135-5.2.2) and Regions Bank (TX Dkt. 135-5.3.8-3.9) (two primary creditors) prior to filing for bankruptcy and continued those communications after filing without the advice of bankruptcy counsel. These relationships were important to Roofing Designs' business operations. Despite Roofing Designs' efforts, it was not paid for its work on a federally funded, taxpayer-supported project, which directly contributed to a default on its SBA loan obligations.

Roofing Designs currently owes SBA over $208,000, an amount that was reduced through the bankruptcy process based on its financial inability to pay, rather

than any resolution of the underlying debt. Royal American's nonpayment materially impacted Roofing Designs' ability to meet its obligations to its lenders. This further proves Roofing Designs had no intent to conceal or deceive creditors. Roofing Designs' reliance on the federal nature of the project offered no protection when payment was wrongfully withheld on any recovery.

At the time of filing bankruptcy, Roofing Designs was a financially sound, federally approved contractor. The nonpayment forced the company into insolvency, severely tarnished its reputation, and caused ongoing financial and emotional harm to its owner, Chynethia Gragg, who was nearly forced to file personal bankruptcy as well.

The Bankruptcy Court never found any concealment or inconsistency by Roofing Designs. Critically, the Bankruptcy Court administratively closed the bankruptcy case without prejudice on January 31, 2025,[15] preserving creditor rights and the flexibility to amend the plan based on the outcomes of ongoing litigation.

The District Court improperly decided genuine disputes of material fact— including Roofing Designs' intent, the nature of its disclosures, and creditor

---

[15] US Bankruptcy Court Northern District of Texas Dallas Division  ref. Case 23-32275-mvl11 Doc 97.1-3.  Signed January 31, 2025.  Filed on February 3, 2025.

prejudice—on summary judgment. These factual issues should be resolved by a jury, not disposed of as a matter of law.

Roofing Designs' transparent conduct and evolving but disclosed claims do not meet the threshold for applying judicial estoppel. Judicial estoppel requires more than a technical omission; it requires deliberate manipulation of the judicial process, which is wholly absent here.

## CONCLUSION

This case highlights the very real human and economic impact on small business owners who build financially sound companies and yet are driven into bankruptcy by non-payment on federally funded projects. Roofing Designs reasonably believed it was secure in performing work under a Federally Funded HUD project, relying on the federal safeguards and payment assurances typically associated with such funding. However, despite these expectations, Roofing Designs was left unpaid, resulting in severe financial harm that crippled the business.

The District Court erred in its application of judicial estoppel by mischaracterizing the nature of the appellant's prior disclosures and disregarding the longstanding and transparent litigation history of these claims. The doctrine was applied in a manner inconsistent with its purpose—to prevent intentional deception and to protect the integrity of the judicial process. No such misconduct occurred

here. The only entities benefiting from judicial estoppel in this matter are Royal American and Hartford, not the creditors who still have rights according to the bankruptcy court order.

The Bankruptcy Court administratively closed the bankruptcy case pending adversary actions which preserved the rights of the court and creditors. By judicially estopping Roofing Designs from pursuing its adversary claims against Royal American and Hartford, the District Court not only prejudiced Roofing Designs, but also effectively extinguished the rights of its creditors, who stand to benefit.

## PRAYER FOR RELIEF

Accordingly, Roofing Designs respectfully requests that this Court reverse the District Court's dismissal, remand the case for further proceedings on the merits, and grant such other and further relief as may be just and appropriate.

Respectfully submitted,

/s/Martin Patrick Averill
SBOT #24025231
The Averill Firm
12610 Jupiter Road
Suite 1410
Dallas, TX 75238

Lead Attorney of record for
Defendant/Third Party Plaintiff-Appellant
Roofing Designs by JR

## CERTIFICATE OF SERVICE

I certify that on April 28, 2025, the foregoing document was served through the Court's electronic filing system on today's date to the following parties/counsel:

Royal  American Construction, Inc.
Ryan B. Hobbs
Direct: 850-222-2000
Brooks LeBoeuf Foster Gwartney Leace & Hobbs
909 East Park Avenue
Tallahassee, FL 32301
COUNSEL FOR PLANTIFF/THIRD PARTY DEFENDANT

Royal American Construction, Inc.
Jason Faris Muriby
Muriby Law, P.L.L.C.
4th Floor
917 Franklin Street
Houston, TX 77002
Direct: 713-347-7030
Fax: 713-526-1798
COUNSEL FOR PLAINTIFF/THIRD PARTY DEFENDANT

Hartford Fire Insurance
Jason Faris Muriby
Muriby Law, P.L.L.C.
4th Floor
917 Franklin Street
Houston, TX 77002
Direct: 713-347-7030
Fax: 713-526-1798
COUNSEL FOR THIRD PARTY DEFENDANT

Royal American Construction and Hartford
Melissa Nicholson Sternfels
Conklin Sternfels Petty, PLLC.901 Heights Blvd.
Houston, TX 77008
Ph.  713-997-2397 Email: melissa@thecspfirm.com
COUNSEL FOR PLAINTIFF/THIRD PARTY DEFENDANT
Lead Counsel in Southern District of Texas

19

_s/ Marty Averill_
Martin P. Averill

## CERTIFICATE OF COMPLIANCE

This brief has been prepared using 14-point, proportionately spaced, serif typeface, in Microsoft Word.  Excluding the parts of the brief exempted by Fed. R. App. P. 32(f), this brief contains 3690 words.

*/s/Martin Patrick Averill*