# No. 25-20048

# IN THE

# UNITED STATES COURT OF APPEALS

# FOR THE FIFTH CIRCUIT

---

Royal American Construction, Incorporated

*Plaintiff - Appellee*

v.

Roofing Designs by JR, L.L.C., doing business as Roofing Designs,

*Defendant/Third Party Plaintiff - Appellant*

Hartford Fire Insurance Company,

*Third Party Defendant - Appellee*

---

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS IN NO. 4:21-CV-2440
HONORABLE PETER J. BRAY, U.S. MAGISTRATE JUDGE

---

**BRIEF OF APPELLEE ROYAL AMERICAN CONSTRUCTION,
INCORPORATED AND HARTFORD FIRE INSURANCE CO.**

---

SUBMITTED BY:

Julie Countiss
Conklin Countiss Sternfels, P.L.L.C.
901 Heights Boulevard
Houston, TX 77008
(713) 997-4242
**ATTORNEY FOR APPELLEES**

# CERTIFICATE OF INTERESTED PERSONS

The undersigned counsel of record certifies that the following listed persons

and entities as described in the fourth sentence of 5th Circuit Rule 28.2.1 have an

interest in the outcome of this case. These representations are made in order that the

judges of this court may evaluate possible disqualification or recusal.

| Appellees: | Counsel for Appellees: |
|---|---|
| Hartford Fire Insurance Company | Julie Countiss of Conklin Countiss Sternfels, P.L.L.C. Houston, TX |
|  |  |
| Royal American Construction, Incorporated | Julie Countiss of Conklin Countiss Sternfels, P.L.L.C. Houston, TX |
| Royal American Construction, Incorporated | Ryan Hobbs of Brooks LeBoeuf Foster Gwartney Leace & Hobbs Tallahassee, FL |

| Appellants: | Counsel for Appellants: |
|---|---|
| Roofing Designs by JR, L.L.C. | Martin Averill of Averill Firm Murphy, TX |

| Other Interested Parties: | Counsel for Interested Parties: |
|---|---|
| US Bankruptcy Court of Texas Northern District- Dallas Division EARLE CABELL FEDERAL BUILDING 1100 Commerce St # 1254 Dallas, TX 75242 CASE NO. 23-32275 |  |
| Katharine B. Clark- SBRA V, Trustee THOMPSON COBURN, LLP 2100 Ross AVE, Ste 3200 Dallas, TX 75201 TELEPHONE: (972) 629-7100 Email kclark@thompsoncoburn.com |  |
| United States Trustee Earle Cabell Federal Building 1100 Commerce St |  |

| Room 976 Dallas, TX 75202<br>TELEPHONE: (214) 767-8967 | |
|---|---|

*S/Julie Countiss*
Attorney of record for Royal American Construction Inc. and Hartford Fire Insurance Company

## STATEMENT REGARDING ORAL ARGUMENT

Appellee does not request oral argument. The dispositive issue in this case has been authoritatively decided and the facts and legal arguments are adequately presented in the briefs and record. Thus, the decisional process would not be significantly aided by oral argument. See 5th CIR. R. 28.2.3. See also FED. R. APP. P. 34(a)(1).

# TABLE OF CONTENTS

Contents…………………………………………………………………….Pages(s)

CERTIFICATE OF INTERESTED PERSONS ....................................................i-ii

STATEMENT REGARDING ORAL ARGUMENT .......... **Error! Bookmark not defined.**i

TABLE OF CONTENTS............................................................................ iv

TABLE OF AUTHORITIES ......................................................................v

SUMMARY OF THE ARGUMENT .......................................................1

ARGUMENT .......................................................................................2

CONCLUSION ..................................................................................18

CERTIFICATE OF SERVICE ..............................................................19

CERTIFICATE OF COMPLIANCE......................................................19

## TABLE OF AUTHORITIES

**Cases**…………………………………………………………………….**Pages(s)**

*Allen v. C&H Distributors, LLC,* 813 F.3d 566 (5th Cir. 2015).................. 7, 13, 15

*Brandon v. Interfirst Corp.*, 858 F.2d 266, 268 (5th Cir. 1988)) ………………5, 17

*Burnes v. Penco Aeroplex, Inc.*, 291 F.3d 1282 (11th Cir. 2002) ..........................10

*Gen. Elec. Co. v. Joiner,* 522 U.S. 136, 118 S.Ct. 512, 139 L.Ed.2d 508 (1997).....7

*In re Coastal Plans, Inc.*, 179 F.3d 197 (5th Cir. 1999), *cert. denied*, 528 U.S. 1117 (2000)............................................................................................ 2, 5, 6, 7, 15, 17

*In re Flugence*, 738 F.3d 126 (5th Cir. 2013)..........................................................13

*In re Superior Crewboats*, 374 F.3d 330 (5th Cir. 2004) .............................. 8, 9, 13

*Kothe v. R.C. Taylor Trust*, 280 U.S. 224, 227 (1930) …………………...……...6

*Krystal Cadillac-Oldsmobile GMC Truck, Inc. v. General Motors Corp.*, 337 F.3d 314 (3rd Cir. 2003) ........................................................................................ 8, 10

*Love v.* Tyson *Foods, Inc.*, 677 F.3d 258, 262 (5th Cir. 2012) …………………5, 15

*Marrama v. Citizens Bank of Mass.,* 549 U.S. 365, 367 (2007) …………………..6

*McClure v. Ashcroft*, 335 F.3d 404 (5th Cir. 2003)...........................................7, 18

*Reed v. City of Arlington*, 650 F.3d 571 (5th Cir. 2011) .............................. 6, 13, 14

*Scarano v. Central R. Co.*, 203 F.2d 510, 513 (3d. Cir. 1953) …………………..6

*United States v. McCaskey*, 9 F.3d 368 (5th Cir. 1993) ...........................................5

*U.S. ex rel. Long v. GSDM Idea City, LLC*, 798 F.3d 265, 273 (5th Cir. 2015) …14

*Wells Fargo Bank, N.A. v. Oparaii (In re Oparaii)*, 698 F.3d 231, 237 (5th Cir. 2012)……………………………………………...…………………….13

*Westland Oil Dev. Corp. v. MCorp Mgmt. Solutions, Inc.*, 157 B.R. 100 (S.D. Tex. 1993) ........................................................................................................ 6, 8, 9

5 Collier on Bankruptcy, ¶ 1125.03 (15th ed. 1992)…………………………………6

## SUMMARY OF ARGUMENT

On January 7, 2025, Appellees Royal American Construction (Royal American) and The Hartford Fire Insurance Company's (Hartford) Joint Motion for Summary Judgment as to all claims by Appellant Roofing Designs by JR, LLC (Roofing Designs) based on Judicial Estoppel was granted and all of Appellant's claims dismissed with prejudice. (ROA.1805-1823; ROA.4811-4822; ROA.4823).

Royal American initially filed suit in the District Court against Roofing Designs for breach of a construction subcontract, breach of express and implied warranties, conversion, and negligence and requested that this Court declare the rights and obligations of the parties pursuant to certain written agreements and Texas law relative to liens. Royal American sought recovery of monetary damages and other remedies, including specific performance, all costs of court, and attorney's fees incurred at all stages of trial and appeal. (ROA.27-28).

Roofing Designs filed counterclaims against Royal American and third-party claims against its bonding insurer, Hartford. More specifically, Roofing Designs alleged breach of contract, quantum meruit, and negligence against Royal American. Roofing Designs sought to recover the sums due it on the subcontract, its lost profits and unreimbursed expenses, and attorney's fees, and foreclosure on its liens. (ROA. 117-118; 129-137).

Royal American and Hartford sought summary judgment as to Roofing Desings' claims on the basis of judicial estoppel because Roofing Designs failed to disclose or adequately disclose their claims against Royal American and Hartford in its bankruptcy. (ROA.1805-1823).

The best summary of Appellees' argument on appeal comes directly out of the District Court's Order: "Roofing Designs argues that the parties to this case and this court have all long known of Roofing Designs' claims, that the parties have known about the bankruptcy, and that this knowledge is sufficient to prevent a court from applying judicial estoppel. What the parties knew is irrelevant. What matters is what Roofing Designs represented to the courts. The doctrine of judicial estoppel 'is intended to protect the judicial system, *rather than the litigants*, [so] detrimental reliance by the opponent of the party against whom the doctrine applied is not necessary.' *In Re Coastal Plains*, 179 F. 3d at 205. (emphasis in original)." (ROA.4816). The District Court was well within its discretion in finding that the evidence establishes all three prongs of Judicial Estoppel.

## ARGUMENT

### I.    Relevant Timeline

July 26, 2021, Chynethia Gragg, the sole member of Roofing Designs, records two affidavits claiming liens against Royal American in the Harris County Real Property Records in the amounts of $102, 793.00 and $28, 121.20. (ROA.204-212).

July 27, 2021, Royal American files the underlying suit in District Court alleging breach of contract, breach of warranty and conversion. (ROA.27-38).

September 21, 2021, Roofing Designs files counterclaims against Royal American for breach of contract, quantum meruit, and negligence. (ROA.117-128). Royal American also, files its original third-party complaint against Hartford for recovery on a payment bond. (ROA.129-137).

Nov. 24, 2021 Roofing Designs  provides detailed calculation of its alleged damages in the District Court lawsuit seeking $266,756.43 in damages. (ROA.201-212).

June 16, 2022, the Corporate Representative for Roofing Designs, Chynethia Graggs, testifies at her deposition that Roofing Designs is seeking over $600,000 in damages and attorneys' fees. (ROA.1838-1980).

October 4, 2023, Roofing Designs files its Voluntary Petition in Bankruptcy and its schedules. (ROA.1986-2021). In its schedules, Roofing Designs does not disclose any claims against Hartford or the nature of its claims against Royal American. Roofing Designs states only that it has claims against Royal American but that it values those claims at $0.00. (ROA.1994, 1999).

January 2, 2024, Roofing Designs files its Plan of Reorganization ("Plan") stating it has several litigation claims but calling those claims "speculative" and not to be "counted on to provide funds to the estate." Roofing Designs further states in

the Plan that it is "unaware of any litigation which could be brought for the benefit of the creditor of the estate." Roofing Designs did not mention its affirmative claims against Royal American. (ROA.2022-2037).

February 22, 2024, the bankruptcy court signed an order confirming Roofing Designs' Plan. (ROA.2055-2056).

April 14, 2024, Roofing Designs files motion to lift the automatic stay in District Court stating that its bankruptcy proceedings have concluded. (ROA.1513-1514).

April 24, 2024 the bankruptcy stay is lifted.

May 3, 2024, the parties file a joint status report in which Hartford states its intention to seek dismissal of Roofing Designs' claims because of Roofing Designs failure to identify any claims against Hartford in its Plan. (ROA.1522 -1525).

May 8, 2024, Roofing Designs files amended schedules with the bankruptcy court and discloses its claims against Hartford but values those claims and its claims against Royal American at $0.00. (ROA.2057-2064).

May 31, 2024, Hartford and Royal American file a joint motion for summary judgment based on judicial estoppel. (ROA.1805).

January 7, 2025, the District Court grants summary judgment as to all claims by Appellant Roofing Designs by JR, LLC based on judicial estoppel and dismisses all of Roofing Design's claims with prejudice. (ROA.1805-1823, 4811-4822, 4823).

4

## II.    Abuse of Discretion is Correct Standard of Review

Appellant claims the applicable standard of review this Court should apply is de novo. ( Dkt. No. 23.), which is incorrect. Because judicial estoppel is an equitable doctrine that is applied in the Court's discretion, the standard of review regarding the application of judicial estoppel is abuse of discretion. *In re Coastal Plans, Inc.*, 179 F.3d at 205. Appellant goes so far as to quote the following "We review a District Court's application of judicial estoppel de novo" and attribute it to *Love v. Tyson Foods, Inc.*, 677 F.3d 258, 26 (5th Cir. 2012). This is false. In fact, the correct statement and citation is "We review a judicial estoppel determination for abuse of discretion." *Love v.* Tyson *Foods, Inc.*, 677 F.3d 258, 262 (5th Cir. 2012).

## III.    The Doctrine of Judicial Estoppel

"Judicial estoppel is 'a common law doctrine by which a party who has assumed one position in his pleadings may be estopped from assuming an inconsistent position.'" *Id*. (quoting *Brandon v. Interfirst Corp.*, 858 F.2d 266, 268 (5th Cir. 1988)). "The policies underlying the doctrine include preventing internal inconsistency, precluding litigants from playing fast and loose with the courts, and prohibiting parties from deliberately changing positions according to the exigencies of the moment." *Id.* at 206 (quoting *United States v. McCaskey*, 9 F.3d 368, 378 (5th Cir. 1993)). "The doctrine is generally applied where 'intentional self-contradiction is being used as a means of obtaining unfair advantage in a forum provided for

5

suitors seeking justice.'" *Id.* (quoting *Scarano v. Central R. Co.*, 203 F.2d 510, 513 (3d. Cir. 1953)).

Judicial estoppel may apply with respect to a debtor's bankruptcy disclosures. "It goes without saying that the Bankruptcy Code and Rules imposes upon bankruptcy debtors an express, affirmative duty to disclose all assets, *including contingent and unliquidated claims.*" *In re Coastal Plains, Inc.*, 179 F.3d at 208-09. "Disclosure is the 'pivotal' concept in chapter 11 reorganization." *Westland Oil Dev. Corp. v. MCorp Mgmt. Solutions, Inc.*, 157 B.R. 100, 102 (S.D. Tex. 1993) (Hughes, J.) (citing 5 Collier on Bankruptcy, ¶ 1125.03 (15th ed. 1992)). "The code requires disclosure to protect creditors from a debtor who may try to hide assets." *Id.*

Judicial estoppel is particularly relevant in bankruptcy because the bankruptcy system seeks to "'bring about an equitable distribution of the bankrupt's estate among creditors holding just demands' and to 'grant a fresh start to the honest but unfortunate debtor.'" *Reed v. City of Arlington*, 650 F.3d 571, 574 (5th Cir. 2011) (en banc) (quoting *Kothe v. R.C. Taylor Trust*, 280 U.S. 224, 227 (1930) and *Marrama v. Citizens Bank of Mass.*, 549 U.S. 365, 367 (2007)). "[J]udicial estoppel must be applied in such a way as to deter dishonest debtors, whose failure to fully and honestly disclose all their assets undermines the integrity of the bankruptcy system." *Id.* A debtor that fails to disclose claims may be barred from pursuing those claims by judicial estoppel. *Id.*

"[D]eference ... is the hallmark of abuse-of-discretion review." *Gen. Elec. Co. v. Joiner,* 522 U.S. 136, 143, 118 S.Ct. 512, 139 L.Ed.2d 508 (1997). So, to establish an abuse of discretion in its application of the doctrine of judicial estoppel, Appellant must show that the District Court (1) relied on clearly erroneous factual findings; (2) relied on erroneous conclusions of law; or (3) misapplied the law to the facts." *McClure v. Ashcroft*, 335 F.3d 404, 408 (5th Cir. 2003). As shown herein, Appellant fails to meet this high bar. Appellant does not point this Court to any clearly erroneous factual findings, clearly erroneous conclusions of law, or misapplication of the law to the facts.

Judicial estoppel may apply if the following elements are present: (1) the party against whom judicial estoppel is sought has asserted a legal position which is plainly inconsistent with a prior position; (2) a court accepted the prior position; and (3) the party did not act inadvertently. *Id.*

### a. First Prong: Plain Inconsistency when Roofing Designs failed to disclose its claims

The first prong is satisfied if the debtor fails to disclose claims in its bankruptcy and then pursues those claims in an alternative tribunal. *Id*. Judicial estoppel may apply with respect to the debtor's disclosures obligations in his schedules and reorganization plan. *See In re Coastal Plains, Inc.*, 179 F.3d at 203, 213 (applying judicial estoppel to claims not disclosed in schedules); *Allen v. C&H Distributors*, 813 F.3d 566, 572 (5th Cir. 2015) (applying judicial estoppel to claims

not disclosed in plan); *Westland Oil Dev. Corp. v. MCorp Mgmt. Solutions, Inc.*, 157 B.R. at 103 (applying judicial estoppel to claims not disclosed in the schedules and plan). The debtor's failure to disclose a claim in his bankruptcy is tantamount to a representation that no claim existed. *In re Superior Crewboats*, 374 F.3d 330, 335 (5th Cir. 2004).

Because the debtor has a duty to provide information to his creditors about his claims, judicial estoppel not only applies when the debtor fails to disclose a claim, but also when the debtor fails to provide sufficient detail about a claim. In *Krystal Cadillac-Oldsmobile GMC Truck, Inc. v. General Motors Corp.*, 337 F.3d 314, 321 (3rd Cir. 2003), the court rejected a debtor's claim that she provided adequate information and applied judicial estoppel:

> As the Bankruptcy Court properly noted, the language in the Amended Disclosure Statement "was little more than boilerplate." It did not specify any of the claims contained in the instant complaint against GM, much less attempt to place any monetary value on them. We agree that such boilerplate language is simply not adequate to provide the level of notice required.

Likewise, in *Westland Oil Dev.*, the court applied judicial estoppel because the debtor's disclosure failed to provide adequate information about a claim:

> The creditors have a right to know what the debtor's assets are even though the potential [claim] may be contingent, dependent, or conditional. While Westland did not have to give an exact dollar value for the claim, it was obliged to give an estimate. Rather than make a good faith attempt at disclosure, Westland chose not to estimate a value for this claim on the ground that "causes of action are difficult to value." The code requires adequate disclosure, not selective disclosure.

8

> Because Westland failed to disclose the claim against MSI, it will be
> barred [by judicial estoppel].

157 B.R. at 103.

Appellant Roofing Designs wholly failed to disclose its claims against Appellee Hartford in the schedules it filed with its October 4, 2023 bankruptcy petition, (ROA.1999 ¶ 74), and in its Plan. (ROA.2029-2030, 2035). Although Roofing Designs filed an amended Schedule of Assets (ROA.2063) disclosing its claims against Hartford once Hartford advised Roofing Designs that it intended to seek dismissal of its third-party claims for nondisclosure in the bankruptcy, the amendment does not rectify Roofing Design's prior nondisclosure. *See In re Superior Crewboats, Inc*., 374 F.3d at 336 (refusing to allow debtors to re-open bankruptcy to disclose a cause of action, as '[j]udicial estoppel was designed to prevent such abuses"). And Roofing Design's argument on appeal claiming it "fully disclosed the existence of the litigation against Royal American and Hartford Fire Insurance Company during its Chapter 11 Bankruptcy proceedings Case No. 23-32275 (ROA.2058)" is not supported by the record. (Dkt. 23). The document Roofing Designs cites to as ROA 2058 is a general summary of assets and liabilities filed in the bankruptcy case and does not, in any way, disclose Roofing Designs affirmative claims against Royal American and Hartford.

Roofing Designs claims on appeal that "[t]his case differs from other judicial estoppel cases heard in this Court, as the litigation was the sole basis for the

bankruptcy and was fully disclosed to the Bankruptcy Court." (Dkt.23). The record and the District Court's Order confirm just the opposite is true. In fact, as the District Court found, "[t]he evidence establishes that Roofing Designs failed entirely to disclose its claims against Hartford in its schedules and Plan. ECF No. 135-5." And "the bankruptcy court approved Roofing Designs' Plan which made no mention of Roofing Designs 'claims against Hartford. ECF No. 135-6; ECF No. 135-7." And even that "Roofing Designs amended its Schedule only after Hartford notified Roofing Designs of its intent to file the instant motion. ECF No. 130; ECF No. 135-9 at 7." (referring to Appellee's Motion for Summary Judgment, ROA.1805-1823). Lastly, the District Court found that "even in its amended filings, Roofing Designs still valued its claims at zero." (ROA.4813-4814).

In *Krystal Cadillac-Oldsmobile , GMC Truck, Inc*., when the debtor claimed its nondisclosure was rectified by an amended disclosure, the court found that judicial estoppel nevertheless applied: "The bankruptcy rules were clearly not intended to encourage the kind of inadequate and misleading disclosure by creating an escape hatch debtors can duck into to avoid sanctions for omitting claims once their lack of candor is discovered." *Id.* at 321; see also *Burnes v. Penco Aeroplex, Inc*., 291 F.3d 1282, 1288 (11th Cir. 2002) (allowing a debtor to avoid judicial estoppel by amending its schedules "suggests that a debtor should consider disclosing potential assets only if … caught concealing them."). Therefore, the first

prong of judicial estoppel applies to Roofing Designs' claims against Hartford as properly found by the District Court. (ROA.4816-4819).

For similar reason, the first prong of judicial estoppel also applies to Roofing Designs' claims against Royal American. In Roofing Designs' Schedules and Plan, Roofing Designs downplayed the value of its claims against Royal American. Roofing Designs repeatedly disclosed in the bankruptcy that its claims against Royal American were valued at "$0.00," (ROA.1999); that its only assets were accounts receivable and office furniture, (ROA.2034, 2036); that its "numerous litigation claims…are speculative and cannot be counted on to provide funds to the estate," (ROA.2030); and that after its evaluation of potential claims, "[t]he Debtor is unaware of any litigation which could be brought for the benefit of creditors of the estate." (ROA.2035). These disclosures stand in stark contrast to sworn allegations in its mechanic's lien affidavits in which Roofing Designs alleged it had liens totaling $130,914.20, (ROA.1824-1830,1831-1837); its initial disclosures in the District Court, which provided a detailed calculation of its total alleged damages of $227,756.43 (ROA 211); and the deposition testimony of Chynethia Gragg, its corporate representative, who testified that Roofing Designs had over $600,000 in damages, plus attorneys' fees. (ROA.1885-1886). Because Roofing Designs minimized the value of its claims against Royal American in the bankruptcy long after claiming in the District Court that its alleged damages totaled several hundred

thousand dollars, Roofing Designs' inconsistent disclosure in the bankruptcy satisfies the first prong. (ROA.4816-4818).

As to this prong, Roofing Designs does not address most of the detailed factual and legal conclusions of the District Court Order. Roofing Designs seems only to generally disagree with how the District Court applied the law to the facts without any showing of an abuse of discretion. Roofing Designs' primary argument as to the first prong is that "[t]he litigation was listed in Roofing Designs' bankruptcy schedules (ROA.2063) and was openly discussed at § 341 meetings of creditors, acknowledged in the reorganization plan (ROA.2029, 2035), and referenced in the Sworn Supplemental Declaration (ROA.4792)." And that "[t]he litigation was the direct cause of the bankruptcy filing." But Appellant ignores the District Court Order's finding that, while Roofing Designs did mention its claim against Royal American in its bankruptcy court filings, it repeatedly described the claims as valueless and speculative, in direct conflict with Roofing Designs' positions taken in the District Court. Specifically, Roofing Designs' claim in the District Court that it was entitled to $277, 756.43 in damages due to various liens and $600,000 in damages plus attorney's fees contradicts Roofing Design's representations to the bankruptcy court that its claims against Royal American were significantly lower. (ROA.4816-4818).

     **b. Second Prong:  Acceptance of Roofing Design's Prior Position by Bankruptcy Court**

The second prong for judicial estoppel requires that the bankruptcy court accept the debtor's prior position. *Reed v. City of Arlington*, 650 F.3d at 574. "The judicial acceptance element 'ensures that judicial estoppel is only applied in situations where the integrity of the judiciary is jeopardized.'" *Allen v. C. & H. Distributors, LLC*, 813 F.3d at 572-73 (quoting *Wells Fargo Bank, N.A. v. Oparaii (In re Oparaii)*, 698 F.3d 231, 237 (5th Cir. 2012)). Judicial acceptance does not require a judgment; rather, acceptance occurs when the court adopts the debtor's position either on a preliminary matter or as a part of a final disposition. *In re Superior Crewboats*, 374 F.3d at 335.

Roofing Designs did not disclose in its Plan, let alone provide for, the pursuit of Roofing Designs' claims against Hartford, (ROA.2022), which were also never disclosed on its schedules. (ROA.1999 ¶74). In such a case, the second prong is satisfied because the bankruptcy court adopted the Plan, thus accepting Roofing Design's inconsistent position that it did not have a claim. *See In re Flugence*, 738 F.3d 126, 130 (5th Cir. 2013). Roofing Designs does not address this prong on appeal and in fact, does not dispute that the bankruptcy court approved its Plan that did not disclose or provide for the pursuit of Roofing Designs' claims against Hartford.

With respect to Roofing Design's claims against Royal American, the Plan acknowledged that Roofing Designs had claims against unidentified third-parties,

but stated that "[t]he Debtor is unaware of any litigation which could be brought for the benefit of creditors of the estate." (ROA.2035). The Plan likewise disclosed that Roofing Designs' only assets of value were its accounts receivable and furniture. (ROA.2034,2036). The Bankruptcy Court, in confirming a Plan that did not specifically address Roofing Designs' pending claims against Royal American, likewise adopted Roofing Designs' position that its claims against unidentified third-parties – including Royal American— had no value. As a result of the Plan's confirmation, Roofing Designs' unsecured creditors are being paid a mere eight cents for each dollar of debt owed to them. (ROA.2036). Thus, the second prong of judicial estoppel is satisfied with respect to Roofing Designs' claims against Royal American and Hartford, as found by the District Court. (ROA.4818- 4819). Roofing Designs does not address this prong on appeal and in fact, does not dispute that the Bankruptcy Court accepted its Plan, including its affirmative statements that its claims against Royal American are valueless.

### c.  Third Prong: Intentional non-disclosure by Roofing Designs

The third prong of judicial estoppel requires that the nondisclosure or insufficient disclosure be inadvertent and not intentional. *Reed v. City of Arlington*, 650 F.3d at 574. "The debtor's failure to satisfy its statutory disclosure duty is 'inadvertent' only when, in general, the debtor either lacks knowledge of the undisclosed claims or has no motive for their concealment."

*In re Coastal Plains*, 179 F.3d at 210.

As demonstrated in the District Court, Roofing Designs had filed counterclaims against Royal American and third-party claims against Hartford at the time it filed for bankruptcy. Thus, the relevant inquiry is whether Roofing Designs had no motive for the concealment or its failure to adequately disclose its claims. Motivation is to be determined at the time the debtor failed to meet his disclosure obligations. *Allen v. C&H Distributors, LLC,* 813 F.3d at 574.

A motivation to conceal may be shown if the debtor has a potential financial benefit from the nondisclosure. *U.S. ex rel. Long v. GSDM Idea City, LLC*, 798 F.3d 265, 273 (5th Cir. 2015). In *Love v. Tyson Foods, Inc*., the Fifth Circuit stated:

> As one court has stated, "the motivation sub-element is almost always met if a debtor fails to disclose a claim or possible claim to the bankruptcy court. Motivation in this context is self-evident because of potential financial benefit resulting from the nondisclosure." Similarly, this court has found that debtors had a motivation to conceal where they stood to "reap a windfall had they been able to recover on the undisclosed claim without having disclosed it to the creditors." After Tyson set out this motivation to conceal, it fell to Love to show that the omission of his claims from his schedule of assets was inadvertent.

677 F.3d at 262 (internal citations omitted).

Roofing Designs failed to disclose its pending third-party claims against Hartford. (ROA.1999, ¶ 74). Moreover, Roofing Designs stated in its schedules that it believed it had claims against Royal American (and a litany of others), but then stated in the Plan that it was "unaware of any litigation which could be brought for

15

the benefit of creditors of the estate." (ROA.2035). The duplicity in Roofing Design's prior inconsistent position in its bankruptcy provided an opportunity for it to capitalize on claims it asserted in this litigation in the District Court. That is, Roofing Designs had previously valued its litigation claims at $277,756.43 and "over $600,000.00" prior to filing bankruptcy. (ROA.204-212, ROA.1885-1886). On appeal, Roofing Designs argues that it "fully disclosed" the District Court litigation but that "any alleged 'inconsistencies' regarding Roofing Designs' bankruptcy disclosures were not clear-cut or intentionally misleading." (Dkt. No. 23). But Roofing Designs does not argue on appeal that the District Court abused its discretion in not finding inadvertence. Rather, Roofing Designs argued that its disclosures were inadvertent without citing to evidence in the record in support of its argument. And because Roofing Designs has made no showing that its disclosures were inadvertent, the third prong of judicial estoppel is satisfied, as properly found by the District Court. (ROA.4820-4821).

In short, judicial estoppel is designed to prevent the very type of gamesmanship displayed by Roofing Designs. In connection with this litigation in the District Court, Roofing Designs (1) recorded affidavits claiming mechanic's and retainage liens totaling $130,914.20, (2) filed counterclaims against Royal American seeking to recover for amounts allegedly owed on the subcontract and its lost profits and filed third-party claims against Hartford; (3) provided detailed damages

calculations based on its alleged liens and alleged lost profits, which damages allegedly totaled $227,756.43; and (4) testified under oath, through its corporate representative, that damages exceeded $600,000.00. When Roofing Designs thereafter filed for bankruptcy, it disclosed that it believed it omitted claims against Hartford and as to Royal American, only stated that those claims were "unknown," and that it valued those claims as being worth "$0.00." Based on that information as well as a disclosure in its Plan that it was unaware of litigation "which could be brought for the benefit of the creditors of the estate," Roofing Designs' Plan was confirmed without any provision for those claims. (ROA.2035)

Roofing Designs then sought, in the District Court, to capitalize on its deception by pursuing claims allegedly worth hundreds of thousands of dollars for its own benefit. Because "[t]he purpose of judicial estoppel is 'to protect the integrity of the judicial process', by 'prevent[ing] parties from playing fast and loose with the courts to suit the exigencies of self[-]interest,'" *In re Coastal Plains*, 179 F.3d at 205 (quoting *Brandon v. Interfirst Corp.*, 858 F.2d at 268), the District Court was within its discretion to find that judicial estoppel applies to bar all claims asserted by Roofing Designs against Royal American and Hartford. As a result, Royal American and Hartford were entitled to summary judgment and the District Court's ruling should be affirmed.

## CONCLUSION

To establish an abuse of discretion in its application of the doctrine of judicial estoppel, Roofing Designs must argue and establish that the District Court (1) relied on clearly erroneous factual findings; (2) relied on erroneous conclusions of law; or (3) misapplied the law to the facts." *McClure v. Ashcroft*, 335 F.3d 404, 408 (5th Cir. 2003). Appellant Roofing Designs fails to make any argument or establish that the District Court abused its discretion. For the reasons stated herein, the District Court's Order Granting Royal American Construction and The Hartford Fire Insurance Company's Joint Motion for Summary Judgment on all claims by Appellant Roofing Designs by JR, LLC based on judicial estoppel, and the entry of Final Judgment must be affirmed.

/S/*Julie Countiss*
Julie Countiss
Melissa Nicholson Sternfels
Kelly Conklin
Conklin Countiss Sternfels, P.L.L.C.
901 Heights Boulevard
Houston, TX 77008

## CERTIFICATE OF SERVICE

I certify that on June 28, 2025, the foregoing document was served via the Court's electronic filing system. The participants in the case are registered CM/ECF users.

*/S/Julie Countiss*

## CERTIFICATE OF COMPLIANCE

This brief has been prepared using 14-point, proportionately spaced, serif typeface, in Microsoft Word. Excluding the parts of the brief exempted by Fed. R. App. P. 32(f), this brief contains  4139 words.

*/S/Julie Countiss_____*